# UPHAM *vs.* VARNEY.

The interest of a *cestui que trust* in land, will pass by the extent of an execution upon the land as his estate.

A devise in trust to permit the *cestui que trust* to occupy land and receive the income thereof, vests in the latter an interest which will pass by the extent of an execution upon the land as his property.

Where land is devised to trustees, they will take the legal estate, wherever it is necessary in order to effect the purposes of the trust; but if they be not required to do an act, or exercise any control over the land, or the income, the legal estate will vest in the *cestui que trust*.

A testator devised land in trust, that the trustee should permit the testator's brother to occupy the land, and receive the income thereof during his life.— *Held*, that this was a use, executed in the *cestui que trust* by the statute of uses;

that the legal estate was in him, and that his interest would pass by the extent of an execution upon the land as his property.

WRIT OF ENTRY, brought on the 28th of July, 1842, to recover twelve acres of land, situate in New-Durham, to which the tenant pleaded the general issue.

The demandant claims title to the land under the will of J. C. Upham, made on the 6th day of February, 1837, and proved on the 13th day of May, 1837, by virtue of a devise therein contained, in the words following, viz. :

" I give and devise to N. G. Upham, my executor, herein after named, and to his heirs, all that land" (admitted to include the demanded premises,) " which I own in New-Durham, being now in the occupation of my brother, Frederic Cogswell, for and during the lives of the said Frederic, and of his wife Hannah Cogswell, and of the survivor of them, in trust that my said executor shall permit the said Frederic, and his said wife, and the survivor of them, to occupy said land, and receive the income thereof, they paying the expenses of carrying on the same, including the taxes ; and after the decease of the said Frederic and his said wife, I give and devise the said land to my nephew, Anthony P. Cogswell, and his heirs forever."

The tenant claimed the demanded premises for and during the life of the said Frederic Cogswell, by virtue of a levy of an execution recovered by him against said Frederic Cogswell upon the said Cogswell's interest therein, on the 23d of September, 1840.

Judgment is to be rendered for the demandant, for possession of the demanded premises, or in favor of the tenant for his costs, according to the opinion of this court upon the foregoing case.

*Christie*, for the tenant. The devisee had a legal estate for life in the property. In other words, this was a devise to uses, executed by the statute of uses. We have levied on the whole interest of the husband, and may hold it during his life. *French* vs. *French*, 3 *N. H. Rep.* 234. There may be trusts, notwithstanding the statute, like the uses which existed before it. *Shep.*

*Touch.*, ch. 24, *pp.* 506, 7, (*n*) 1. But where the devise shows that the devisee is to have possession of the land, the statute of uses attaches, and executes the use. 1 *Eq. Ca. Abr.* 383 ; 7 *Bac. Abr.*, *Uses and Trusts*, (*D*) ; *Marwood* vs. *Daniels*, *Cas. Temp. Hard.* ; 2 *P. Wms.* 146. The provision that the *cestui que trust* shall take the profits, or that the trustee shall permit him to do so, causes the use to be executed. *Broughton* vs. *Langley*, 2 *Ld. Raym.* 873 ; 2 *Pick.* 460 ; 16 *Pick.* 330.

Where the estate is less than a freehold, the statute does not execute the use. *Dyer* 69, *a ;* 1 *Hill. Abr.* 206, 209 ; *Bac. Read. on Uses* 42 ; 1 *Cruise Dig.* 308, § 29.

The court will always regard the intention of the devisor, and if it appears that he intends the trustee shall have possession, the statute will not apply. Here the language to the trustee is mandatory in its character, and the clear intention is that the *cestui que trust* should have the possession. But we might levy on the land even if it were a trust estate, and the interest of the *cestui que trust* would pass by the levy. *Pritchard* vs. *Brown*, 4 *N. H. Rep.* 397. The husband has a right to the possession of the real estate of the wife during the coverture.

*James Bell*, for the demandant.

GILCHRIST, J. In this case, the testator devised certain land to his executor during the lives of the testator's brother and his wife, in trust that he should permit them to occupy the land during their lives, and receive the income thereof. The tenant's title is by the extent of an execution upon Frederic Cogswell's interest in the land. We have settled that the interest of a *cestui que trust* in land will pass by the extent of an execution upon the land as his estate. *Pritchard* vs. *Brown*, 4 *N. H. Rep.* 397. Whether Frederic Cogswell had under the will an interest in the land which would pass by the extent of an execution, is the question before us.

In cases like the present, if it be ascertained that the *cestui que trust* takes a vested interest, the mode in which or the time when he is to reap the benefit of it, is immaterial. If the inter-

est exists, it may be disposed of by him, or may become vested in his assignees by operation of law on his bankruptcy. A testator devised land to trustees in trust to pay an annuity to his son for his life, for his personal support, which was not to be liable for his debts, and which was to be paid from time to time into his hands, and not to any other person, and his receipt only was to be a sufficient discharge; but it was held that it passed to his assignees. *Graves* vs. *Dolphin*, 1 *Sim.* 66; *Snowden* vs. *Dales*, 6 *Sim.* 524. Where a legacy was bequeathed to executors in trust to pay it to the legatee, in such smaller or larger portions, at such times, immediate or remote, and in such way and manner as the trustees should think best, the life estate was held to vest in the assignees in bankruptcy. *Piercy* vs. *Roberts*, 1 *Myl. & K.* 4. Where trustees under a will had no power to apply a trust fund otherwise than for the benefit of the *cestui que trust* during his life, but had a discretion to apply it for his support at such times and in such manner as they should think proper, it was held that his interest passed to his assignees. *Green* vs. *Spicer*, 1 *Rus. & M.* 395.

In the case of *Braman* vs. *Stiles*, 2 *Pick.* 460, the testator provided that whatever should fall to the share of his son Jonas, should be deposited in the hands of his sons Luther and Barney, and dealt out to Jonas, for his comfort and advantage, according to their best judgment and discretion. The petitioner extended an execution upon the interest of Jonas in the real estate. It is stated in the opinion of the court that the legal estate was in the brothers of Jonas, and it is inferable, from the remarks of the court, that Jonas had not an interest which could be taken by an extent, although the point is not expressly decided. It would seem clear, however, that Jonas had an interest which a court of equity would protect, and which would pass to his assignees in bankruptcy. In *Wagstaff* vs. *Smith*, 9 *Vesey* 520, there was a trust to permit a married woman to receive the dividends of stock to her own use during her life, independent of her husband; and it was held that she had an interest which would pass by her assignment. Property may be limited to a man to go over on a certain event, as bankruptcy, but while it remains his property

it must be subject to the incidents of property, one of which is the payment of debts. *Brandon* vs. *Robinson*, 18 *Vesey* 429.

The trustees, however, will take the legal estate where they have any discretion or control over the application of the money. Such is the case where they are to receive rents and apply them to the maintenance of the *cestui que trust*. *Silvester* vs. *Wilson*, 2 *T. R.* 444. So, where the trust is merely to *pay* the rents to A. *Robinson* vs. *Grey*, 9 *East* 1. So where the receipts of a person were to be good, with the approbation of one of the trustees. *Gregory* vs. *Henderson*, 4 *Taunt.* 772. And the general rule is, that the trustees take exactly that quantity of interest which the exigencies of the trust required, whether it be a fee, or a less estate. In *Harton* vs. *Harton*, 7 *T. R.* 652, the trustees were held to take a fee, because that construction was necessary to give legal effect to the testator's intention, to secure the beneficial interest to the separate use of certain married women.

Where an estate is devised to trustees, with a requisition to do any act to which the seizin and possession of the legal estate are necessary, although they be directed to permit the rents and profits to be received by a third person, still that third person will only be entitled to a trust estate, for otherwise the trustee would not be able to execute the trust. 1 *Cruise, Title Trust,* ch. 1, § 24.

In this case the seizin of the legal estate is not necessary to enable the trustee to execute the trust. The trustee was not to receive and pay over the rents, or to see to the application of the income. There is no occasion for his interfering to do any act whatever. His duty is *not* to interfere, but to permit the *cestui que trust* to receive the income. The latter has an estate assignable by his deed, and which vests in his assignees upon his bankruptcy, and it undoubtedly passes by an extent of an execution.

It may farther be remarked upon this subject, that an interest of this description has for a long period been held to be a use executed by the statute of uses. A leading case on this point is *Broughton* vs. *Langley*, 2 *Ld. Raym.* 873. That was a devise to Stancliffe and Ramsden, " to the uses, intents and purposes

herein after mentioned; first, that they shall permit and suffer George Ramsden, my son, to have, receive, and take the rents, issues and profits of the said messuages, &c., during his natural life, and after his decease shall stand seized thereof to the use of the heirs of the body of the said George," &c. George, after the death of his father, entered, and suffered a recovery. The question was, whether George took an estate executed for his life by the will. If so, he would be tenant in tail executed, and the recovery would bar the entail. It was held that this was a use executed, and it is said by the court, " if a man make a feoffment in fee, to A, in trust to permit B to take the rents, issues, and profits, this will be a use executed, as well as if A had made use of the word *use.*" It was contended that the intent of the testator was, that the trustees should have the estate in law, but that George, *by their permission,* should have the benefit of it; but the judgment of the court, corroborated by the subsequent authorities, has settled that this is not the true view of the case. *Doe* vs. *Biggs,* 2 *Taunt.* 109; *Gregory* vs. *Henderson,* 4 *Taunt.* 773; *Warter* vs. *Hutchinson,* 2 *B. & C.* 721; *Jeffreson* vs. *Morton,* 2 *Saund.* 11, (*n.* 17); *Right* vs. *Smith,* 12 *East* 455. There are several decisions to be found in the New-York and Massachusetts Reports, which show that the legal estate will vest in the trustee whenever it is necessary for the purpose of effecting the trust, although the precise point raised by the present case does not appear to have required examination. *Norton* vs. *Leonard,* 12 *Pick.* 152; *Merrill* vs. *Brown, Ibid.* 216; *Ayer* vs. *Ayer,* 16 *Pick.* 327; *Braman* vs. *Stiles,* 2 *Pick.* 460; *Wood* vs. *Wood,* 5 *Paige* 596.

The *cestui que trust* in this case, had, in our opinion, the legal estate. The use was executed in him by the statute. His interest passed by the extent of the execution, and consequently there must be

<div align="right">

*Judgment for the tenant.*